### Gideon D. Chambers *v.* James W. Seale.

**Torts—Practice.**

After a defendant in a damage suit has filed his answer, he cannot then object that the action had been irregularly docketed.

**Pleading—Instruction.**

It is not necessary in a petition for damages to make an itemized statement of the injuries, and an instruction is not erroneous that the jury might consider as an element of damages the destruction of plaintiff's rails, even though the petition did not specify the amount of damages he had sustained on this account, but did ask for damages on account of all the injuries complained of in the sum of $2,000.

APPEAL FROM WOLFE CIRCUIT COURT.

September 12, 1877.

Opinion by Judge Lindsay:

After appellant filed his answer he could not object that the action had been irregularly docketed. It was not error to instruct the jury that they might consider as an element of damages the destruction of appellee's rails and other injuries to his farm.

It is true he did not specify in his petition the amount of damages he had sustained on these accounts, but stated them to be ——— dollars; but he made the several prayers for $2,000 damages on account of all the wrongs and injuries complained of; and in an action for tort, it is not necessary that an itemized statement of the injuries and damages shall be set out in the petition.

Neither is it reversible error that the jury were instructed that it was sufficient to charge appellant, if he was present for the purpose of aiding in the commission of the trespass. It is true, if he did nothing and did not make known his purpose to those who actively engaged in the trespasses, his presence did not injure the appellee; but the proof shows, without any contradiction whatever, that he not only was present but did assist in driving off the stock. He could not, therefore, have been prejudiced by this instruction.

The first instruction asked by appellant was properly refused.

The pleadings do not raise an issue on the question of whether he was or not voluntarily present when the trespasses were committed. He set up no such fact in his answer, but denied his presence altogether. The second instruction asked was also properly refused, as it was intended to raise the question as to whether appellee was or not voluntarily present. The third was properly refused, as the custom of the soldiers cannot affect the law of this case.

The levy of the attachment is sufficient as to all the land seized, except those lands intended to be embraced by so much of the sheriff's return as is in these words: "and all other lands owned by said Chambers not particularly known by me in the county of Owsley."

But it was error to adjudge a sale of these lands without requiring them to be more specifically described than is done by the sheriff in his return. It was also error not to prescribe the order in which the various tracts are to be sold. Too much discretion is left to the sheriff in this regard.

The judgment based on the verdict of the jury is *affirmed,* but the judgment decreeing the sale of the attached property is *reversed,* and this branch of the cause is remanded for further proper proceedings.

*H. C. Lilly, for appellant.    I. N. Cardwell, for appellee.*